UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PEDRO JARAMILLO,

                      Petitioner,

-against-

UNITED STATES OF AMERICA,

                      Respondent.

20-CV-3570-LTS

17-CR-4-LTS

---

MEMORANDUM ORDER

      Petitioner Pedro Jaramillo ("Petitioner" or "Jaramillo") brings, pro se, this motion pursuant to 28 U.S.C. section 2255 to vacate, set aside, or correct his sentence. Petitioner pleaded guilty to one count of commodities fraud in violation of 7 U.S.C. sections 6b(a)(2) and 13(a)(1) and (a)(5), and 18 U.S.C. section 2; and one count of wire fraud in violation of 18 U.S.C. sections 1343 and 2, and was sentenced, on September 18, 2017, principally to 144 months of imprisonment and three years of post-release supervision. (Docket entry no. 27 ("Judgment").[1])  Petitioner now seeks vacatur of his plea to these two charges and his sentence, arguing that he received ineffective assistance of counsel, and as a result, his plea was not knowing or voluntary. (Docket entry no. 58 ("Petition").)

      The Court has thoroughly reviewed the parties' submissions in connection with the Petition, construing Petitioner's arguments liberally to raise the strongest arguments that they suggest. See Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) ("[T]he pleadings of a pro se plaintiff must be read liberally and should be interpreted to 'raise the strongest arguments that

---

[1]    Unless otherwise noted, all citations are to the criminal case docket, No. 17-cr-0004-LTS.

they suggest.'") (quoting <u>Burgos v. Hopkins</u>, 14 F.3d 787, 790 (2d Cir. 1994)).  For the following reasons, Petitioner's motion is denied in its entirety.

<u>BACKGROUND</u>

On or about December 20, 2016, Jaramillo was arrested and charged in a three-count indictment with commodities fraud in violation of 7 U.S.C. sections 6b(a)(2) and 13(a)(1), (5), and 18 U.S.C. section 2 ("Count One"); wire fraud, in violation of 18 U.S.C. sections 1343 and 2 ("Count Two"); and money laundering, in violation of 18 U.S.C. sections 1957 and 2 ("Count Three").  (Docket entry no. 5 ("Indictment").)

Jaramillo pleaded guilty, pursuant to a plea agreement, to Counts One and Two of the Indictment on April 6, 2017.  (Docket no. 74, Exhibit C ("Plea Hrg. Tr.") at 34-36.)  As set forth in the plea agreement, the parties stipulated that, pursuant to the U.S. Sentencing Guidelines, the advisory Guidelines range applicable to the Defendant was 78 to 97 months' imprisonment and the statutory maximum punishment for the combined offenses was 30 years' imprisonment.  (Docket entry no. 74, Exhibit D ("Plea Agreement") at 1, 4.)  The Court ultimately imposed an above-guidelines sentence of 144 months imprisonment.  (Judgment at 2.)  In his petition to vacate, set aside, or correct his sentence, Jaramillo's primary claim is that he received ineffective assistance of counsel because his attorney, Roberto Luis Pagan-Lopez, misrepresented the length of the sentence he would receive, rendering his guilty plea "involuntary, unknowing, and unintelligent."  (Petition at 2.)  Jaramillo also makes a brief, passing reference which, construed liberally, seems to set forth another basis for his claim of ineffective assistance of counsel, namely that Jaramillo's counsel threatened to not represent him

any further if he did not take the guilty plea, and Jaramillo did not have the funds to obtain alternative counsel.  Id.

DISCUSSION

To prevail on a 28 U.S.C. section 2255 motion, a petitioner must demonstrate that "the sentence: (1) was imposed in violation of the U.S. Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack." Adams v. United States, 372 F.3d 132, 134 (2d Cir. 2004) (citing 28 U.S.C. § 2255).

Here, Petitioner seeks to vacate his convictions and sentence on the basis that he received ineffective assistance of counsel when his attorney allegedly advised him, in connection with entry into his guilty plea, that the Sentencing Guidelines range stipulated in the plea agreement—78 to 97 months—"would constitute the parameters of the sentencing" and "the judge 'would not impose a sentence' above" the stipulated Guidelines range.  (Petition at 2.) Petitioner alleges that counsel advised him that it was the presiding judge's practice to impose a sentence "within or below" the Guidelines range "when a Defendant accepts a plea agreement." Id.  But for counsel's allegedly erroneous advice about the length of his sentence, Petitioner submits that he "would never have entered a plea of guilty" and would have proceeded to trial. Id.

"A valid plea 'represents a voluntary choice among the alternative courses of action open to the defendant.'"  Guerrero v. United States, No. 08-CV-2880-LTS, 2012 WL 423348, at *5 (S.D.N.Y. Feb. 8, 2012) (quoting Hill v. Lockhart, 474 U.S. 52, 56 (1985)). Ineffective assistance of counsel may sometimes undermine the knowing and voluntary nature required of a valid guilty plea.  Id. (citing United States v. Diaz, No. 07-CR-003, 2009 WL

4496052, at *2 (S.D.N.Y. Dec. 3, 2009)).  To prevail on an ineffective assistance of counsel claim, Petitioner must prove that (i) counsel's performance was deficient under an objective standard of reasonableness, and that (ii) Petitioner was prejudiced because of counsel's deficient performance.  Strickland v. Washington, 466 U.S. 668, 694 (1984).  The Court will address the second prong first.  See id. at 670 ("A court need not first determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed.").

To satisfy the second prong of the Strickland test, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would have proceeded to trial and not have pleaded guilty.  United States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005) (citing Hill, 474 U.S. at 59 (1985)).  Where, as here, "defendant's specific claim is that counsel has misled him as to the possible sentence which might result from a plea of guilty, . . . the issue is whether the defendant was aware of actual sentencing possibilities, and if not, whether accurate information would have made any difference in his decision to enter a plea."  Id. (quoting Ventura v. Meachum, 957 F.2d 1048, 1058 (2d Cir. 1992)).  In other words, the petitioner asserting a claim of ineffective assistance of counsel arising from an incorrect sentencing prediction cannot establish prejudice if he was aware of the actual sentencing possibilities he faced when he entered his guilty plea.  Jaber v. United States, No. 18-CV-12047-CM, 2019 WL 2498216, at *2 (S.D.N.Y. June 4, 2019) (citing Ventura, 957 F.2d at 1058).  "A court's conveyance at a plea allocution of the actual sentencing possibilities that result from a defendant's guilty plea may correct any misrepresentation by counsel as to a defendant's probable sentence."  United States v. Guidice, No. 02-CR-729-DLC, 2004 WL 1152539, at *5

(S.D.N.Y. May 21, 2004) (citing Ventura, 957 F.2d at 1058). Thus, "[i]t is difficult for a defendant who was made aware of the actual sentencing possibilities of a plea to demonstrate that he suffered prejudice as a result of counsel's error." Id.

Here, the record demonstrates that Jaramillo was aware of the actual sentencing possibilities he faced, notwithstanding any alleged predictive error by counsel as to his likely sentence. The following statements from Petitioner's change of plea hearing demonstrate that he was advised by the Court and testified under oath that he understood that the Court was authorized to impose a sentence up to the combined statutory maximum of thirty years:

> THE COURT: And do you understand that the maximum possible combined penalty for the two crimes to which you propose to plead guilty is 30 years of imprisonment . . .
>
> THE DEFENDANT: I understand.
>
> …
>
> THE COURT: Do you understand that the Court has discretion, while taking the guidelines into account, to sentence you to any period of imprisonment from time-served all the way up to the statutory maximum of 30 years?
>
> THE DEFENDANT: Yes, I understand.

(Plea Hrg. Tr. at 16, 18 (emphasis added).) Furthermore, Petitioner signed the written plea agreement, which stipulated that the maximum sentence for the crimes to which he proposed to plead guilty was thirty years, and that the Court had the authority to impose a sentence outside of the guidelines range. (Plea Agreement at 4-5.) Additionally, the transcript of the plea allocution demonstrates that Petitioner was not only aware of the actual maximum sentence he faced, but he also acknowledged under oath that he was aware that any prediction by his attorney or the government of his sentence could be incorrect and should not be relied upon.

>THE COURT: Do you understand that if your attorney or anyone else has attempted to estimate or predict what your sentence will be, their estimate or prediction could be wrong?
>
>THE DEFENDANT: Yes. I understand.
>
>…
>
>THE COURT: No one, not even your attorney or the government, can or should give you any assurance of what your sentence will be because your sentence cannot be determined until after the probation office report is completed and I have ruled on the challenges to the report and I have determined what the appropriate sentence is? Do you understand this?
>
>THE DEFENDANT: Yes, I understand.

(Plea Hrg. Tr. at 19.)  Because Jaramillo was aware of the actual sentencing possibilities he faced when entering his guilty plea, including being sentenced up to the combined statutory maximum of thirty years, Jaramillo cannot show that, "but for counsel's" alleged misrepresentation, he would have chosen not to enter a guilty plea and instead proceed to trial.  See Ventura, 957 F.2d at 1058 (citing Strickland, 466 U.S. at 694); Francisco v. United States, 115 F. Supp. 3d 416, 421-22 (S.D.N.Y. 2015) (finding no ineffective assistance of counsel when counsel allegedly told petitioner, who was aware of the actual Guidelines range, that the judge would be compassionate and sentence him to " . . . definitely less than ten years" but petitioner was ultimately sentenced to 360 months imprisonment); Marte v. United States, No. 11-CV-3269-KMW, 2012 WL 2953723, at *6-7 (S.D.N.Y. July 20, 2012) (finding no ineffective assistance of counsel when petitioner was aware of the applicable Guidelines range but was told by counsel that he was "almost sure" that petitioner would receive no more than 87 months imprisonment, but ultimately received a sentence of 220 months).

It is well established that the Court need not analyze both prongs of the Strickland test if the Petitioner fails to adequately establish one element.  Strickland, 466 U.S. at 697

("[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even address both components of the inquiry if the defendant makes an insufficient showing on one."); see also United States v. O'Neil, 118 F.3d 65, 72-73 (2d Cir. 1997) (affirming district court's rejection of ineffective assistance claim after finding prejudice could not be shown). Since the Court concludes that Petitioner was aware of actual sentencing possibilities and cannot prove that he was prejudiced by counsel's actions, the Court need not analyze whether, in fact, counsel misinformed Petitioner about his possible sentence, and, if so, whether the prediction error of Petitioner's sentence fell below an objective standard of reasonableness. See Guerrero, 2012 WL 423348, at *5 (finding the Court "need not address whether, in fact counsel misinformed Petitioner and, if so, whether counsel's error constitutes a basis for finding that the plea was invalid, because Petitioner has not shown that accurate information would have made a difference in his decision to plead guilty").

Petitioner's alternative basis for his ineffective assistance of counsel claim—that his counsel threatened to withdraw his representation if he did not plead guilty—is similarly without merit. Petitioner has failed to proffer any evidence in support of this claim, which is flatly contradicted by the record. For example, at the plea hearing, the Court asked Jaramillo whether anyone had threatened or coerced him into making the guilty plea, to which he responded, "No." (Plea Hrg. Tr. at 22.) The Court also asked if he was satisfied with his counsel, to which he replied in the affirmative. (Id. at 8.) Petitioner was also informed by the Court that, if he chose to proceed to trial, he would have the right to be represented by an attorney, and that if he could not afford one, one would be provided to him free of cost. (Id. at 9.)

Mr. Jaramillo has thus failed to demonstrate that he received, and was prejudiced by, ineffective assistance of counsel in entering his guilty plea. See Roache v. Connell, No. 06-CV-3567-WHP-RLE, 2010 WL 6512333, at *7 (S.D.N.Y. May 24, 2010) (petitioner's ineffective assistance of counsel claim without merit because record did not support a finding that coercion from counsel had occurred, and actually demonstrated that he accepted the plea voluntarily and without threat), report and recommendation adopted, No. 06-CIV-3567-WHP-RLE, 2011 WL 1465989 (S.D.N.Y. Apr. 14, 2011); Gulati v. United States, No. 94-CV-8082-SWK, 1995 WL 234716, at *9 (S.D.N.Y. Apr. 20, 1995) (petitioner's claim that his counsel threatened to abandon him at trial was belied by his own statements at the plea hearing where petitioner indicated he was satisfied with counsel's representation).

Petitioner's Request for an Evidentiary Hearing

An evidentiary hearing should be granted "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). To obtain an evidentiary hearing, the petitioner must allege a "plausible claim" for ineffective assistance of counsel. United States v. Tarricone, 996 F.2d 1414, 1417–18 (2d Cir. 1993) (internal quotation marks and citations omitted.). Petitioner has failed to do so here, and thus the request for an evidentiary hearing is denied. See 28 U.S.C. § 2255(b); see also Lake v. United States, 465 F. App'x 33, 34–35 (2d Cir. 2012) (an evidentiary "hearing is not required when, 'viewing the evidentiary proffers . . . and record in the light most favorable to the petitioner,' it is clear that the petitioner has failed to establish a 'plausible claim of ineffective assistance of counsel.'") (citation omitted).

<u>Conclusion</u>

For the foregoing reasons, Petitioner's motion pursuant to 28 U.S.C. Section 2255 is denied in its entirety. Because the record is sufficient to enable the Court to make the factual determinations necessary to resolve the motion, the Court also denies Petitioner's request for an evidentiary hearing.

Petitioner may not appeal this Memorandum Order unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C.A. § 2253(c)(1) (Westlaw through P.L. 117-57). A certificate will be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. §2253(c)(2) (Westlaw through P.L. 117-57); <u>see</u> <u>generally</u> <u>United States v. Perez</u>, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealability). The Court finds that Petitioner will not be able to sustain this burden and declines to issue a certificate of appealability. Furthermore, the Court certifies pursuant to 28 U.S.C. section 1915(a)(3) that any appeal from this Order would not be taken in good faith. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444 (1962).

This Memorandum Order resolves docket entry no. 1 in case number 20-cv-3570. The Clerk of Court is respectfully directed to enter judgment accordingly and close case number 20-cv-3570.

The Clerk of Court is respectfully directed to mail a copy of this Memorandum Order to Mr. Jaramillo.

SO ORDERED.

Dated: New York, New York
December 16, 2022

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

Mail to:
Pedro Jaramillo
Register No. 78516-054
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887